Judge Mills
delivered tho Opinion of Ujo Court,
The defendant in error brought his action of* covenant in the court below, on the warranty of the testator of the defendants, setting out the deed of said testator inusual form, am! alleging that, for the “ consideration of fifty pounds, to him in hand paid,” the testator conveyed one hundred acres of laud, with a general warranty annexed. Breach was assigned, that the defendants in error had been evicted of part by title paramount» in a due course of law.
On the trial, the defendant offered evidence to shew, that the consideration money was paid several years before the date of the deed declared on. This evidence was objected to, but admitted; and after it was heard, the jury, at the instance of the counsel for the defendant error, was instructed—
That if the jury believed, from tho evidence, that tito consideration was paid some years before the date of i lie deed, the defendant in error was entitled to the interest on said payments, from tho lime they were made till the dille of the deed, as weil as afterwards.
To tills instruction, an exception was taken, and it is new relied on as sufficient to reverse the judgment.
The general rule is well settled, that the value of 1 lie land at the date of the warranty', and not at any'' other date, is the proper criterion of damages, ami to ascertain this value, the pri.ee stipulated between the parties is the best evidence. To this general rule, like all others, there may be exceptions; but this case presents no circumstances which can make it an exception. Indeed, the instruction given, admits, that as the crileiion, but adds to it a quantity of ínteres*, before the date of tho deed, as a matter of law which the jury were bound to find. It is true, that the interest on the value, after the date of the warranty, iij annexed as a lega! criterion by *349 numerous cases, but this arises from the construetion of the covenant itself, which is defined to be a stipulation to return the value, with interest from its date. If the covenant includes no more and no less, it is hard to perceive the principle which can alter and enlarge that criterion by proving matter dehors the deed, if this be correct, two deeds, of prccisely the same expressions, may each have a different criterion of damages; and because the consideration was paid long before its date, and in the other case, long afterwards, which is a phenomenon in the construction of covenants containing precisely the same expressions. We therefore, conceive, that the court below erred in its instruction given to the jury, and for this cause, the .judgment must, be reversed, and the verdict beset aside, and the cause be remanded for new proceedings, not inconsistent with this opinion.
i'rittenden for plaintiffs; Mayes far defendant,-